

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-51,197-03

**JAMES AARON DYSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0657742D IN CRIMINAL DISTRICT COURT NO. 4
### TARRANT COUNTY

RICHARDSON, J., filed a concurring opinion, in which HERVEY and NEWELL, JJ., joined.

### CONCURRING OPINION

I concur in the Court's decision to grant relief. Today we decide the State presented false evidence to secure Applicant's conviction 23 years ago. We do so based on the recommendation of the trial court and the district attorney's office that now agrees they presented false evidence in order to obtain the conviction.

Applicant was convicted of the first degree felony offense of engaging in organized criminal activity for shooting and wounding Joe Cruz. Absent the organized criminal activity allegation, such an offense would be a second degree aggravated assault with a

maximum punishment of 20 years. Applicant never denied shooting Cruz but always denied the shooting had anything to do with organized criminal gang activity. Instead, he was upset Cruz had murdered his best friend. At trial, the State relied heavily on the testimony of Robert Aguirre to establish Applicant was a member of a street gang, in order to show the shooting was part of an organized criminal activity. Apparently it worked, and Applicant received a 50-year sentence rather than a 20-year maximum sentence.

At trial, on appeal, and in all of his writs, Applicant always maintained that he shot Cruz because Cruz had killed his best friend and that it had nothing to do with any gang membership. In his -03 writ application, Applicant claimed he had discovered an uncommunicated 15-year plea deal, and more importantly, after Aguirre had been out of the country for 20 years, he recanted his testimony about Applicant shooting Cruz for reasons based on Applicant's gang affiliation. Initially we dismissed this application as a subsequent writ; however, in an unusual move, pursuant to TRAP 79.2(d), the State, not the Applicant, asked this Court to reconsider the case on its own initiative. We did.

This Court remanded this case to the trial court to determine if Applicant would have been convicted of engaging in organized criminal activity, but for Aguirre's misleading trial testimony. We can assume that this Court's order was not meant as an effort in futility and that some deference would be given to the time and effort made to conduct such a hearing, since it was this Court that decided to reconsider the case on its own initiative. Again, this suggestion was made by the State, not Applicant. During the hearing, the habeas court considered the credibility of Aguirre's recantation and whether, but for the false evidence of Applicant's gang affiliation, the result would have been

different. At the conclusion, the parties prepared agreed proposed findings and conclusions and presented those to the habeas court. The habeas court agreed with those findings of fact and conclusions of law and recommended that relief be granted. Once again, the State agreed with this recommendation and joined the habeas court in recommending the sentence be reformed to an aggravated assault with a deadly weapon, and remanded for a new sentencing hearing. As ordered, those findings were forwarded to this Court.

The dissent would now have us disregard the extensive credibility findings and conclusions by the habeas court that we ordered to take place and with which the State agrees. Although the Court has raised laches in the past, we do not raise it here because 1) the State has never raised laches; 2) the State would not be materially prejudiced as a result of the delay, because the State agrees Applicant is entitled to relief, a material witness lied, and the lesser included conviction of aggravated assault will still remain; 3) Applicant's delay was not unreasonable because it was due to a justifiable excuse – Aguirre did not admit until years later that he lied; 4) and Applicant is entitled to equitable relief. *Ex Parte White*, 2020 WL 1873863, at *3 (Tex. Crim. App. April 15, 2020) (not designated for publication) (Newell, J., concurring); *Ex Parte Perez*, 398 S.W.3d 206, 218 (Tex. Crim. App. 2013).

Article 2.01 of the Texas Code of Criminal Procedure provides, "[i]t shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused." TEX. CODE CRIM. PROC. ANN. art. 2.01. That is precisely what the State has done in this case. They have conceded a material witness

provided false testimony; years later the witness admitted his trial testimony was false, and the habeas judge agreed. The State also agreed with the habeas court's findings that that the testimony by the gang officer classifying Applicant as a gang member "had no substantive basis" and was false or misleading. When the State concedes they used material testimony that is false to obtain a conviction and a habeas court agrees, applicants should be afforded relief from the highest court in the State. To hold otherwise would call into question the principles of fairness and impartiality on which our legal system is based.

With these thoughts, I concur in the Court's order.

FILED: SEPTEMBER 29, 2021

PUBLISH